UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GREAT NORTHERN INSURANCE COMPANY as
subrogee of NORTON ROSE FULBRIGHT US LLP,

                                   Plaintiff,

          -against-

ENERGY CONTROL SERVICE INC.,

                                Defendant.
------------------------------------------------------------------X

Docket No.:

**COMPLAINT**

**JURY DEMANDED**

      Plaintiff Great Northern Insurance Company as subrogee of Norton Rose Fulbright US LLP, by its attorneys, Cozen O'Connor, complaining of the Defendant, Energy Control Service Inc., alleges the following upon information and belief:

## THE PARTIES

      1.      Plaintiff, Great Northern Insurance Company as subrogee of Norton Rose Fulbright US LLP  (hereinafter "Great Northern"), is and was, at all times material hereto, a foreign business corporation, duly organized and existing under the laws of the State of Indiana, with its principal place of business located at 202B Hall's Mill Road, Whitehouse Station, New Jersey 08889.

      2.      At all times material hereto, Defendant, Energy Control Service Inc., (hereinafter "Energy Control") is a domestic business corporation located at 15 Murray Street, Staten Island, New York 10309.

      3.      At all times material hereto, Defendant, Energy Control was and is engaged in, *inter alia*, in the business of "smart" building energy management, temperature control, lighting, and security integration.

## JURISDICTION AND VENUE

4. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1332, as this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and the costs of the action.

5. Venue is proper pursuant to 28 U.S.C. §1391 in that a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## FACTUAL ALLEGATIONS

6. At all times material hereto, non-party 1301 Property Owners LP ("Landlord") owned the 46-story commercial building located at 1301 Avenue of the Americas, New York, New York (hereinafter "The Subject Building").

7. Plaintiff's subrogor, Norton Rose Fulbright US LLP (hereinafter "Plaintiff's insured" or "Norton Rose"), occupied, leased and/or otherwise had an insurable interest in certain commercial space within the Subject Building.

8. The commercial space and premises occupied by Norton Rose, including all of its commercial property contained within the premises, was insured by Plaintiff, Great Northern, pursuant to a policy of insurance (hereinafter "Subject Policy").

9. At all times material hereto, the Subject Policy insured Norton Rose, including Norton Rose's improvements and betterments, build-outs, and commercial property located within the commercial space and premises against loss due to physical damage caused by, *inter alia*, water damage.

10. Prior to September 25, 2023, the Landlord retained Defendant Energy Control to perform certain work (hereinafter "Subject Work") at the Subject Building.

11. The Subject Work included developing and installing water level monitoring devices and sensors for pumps and supply lines to a water tank located on the 23rd floor intended to provide water to the Subject Building's domestic and fire system piping and lines.

12. The Subject Work included the installation and connection of a "smart" building management system and assorted sensors, devices and controls to monitor the status of pumps, the water levels in the tank, and intended to shut-off the supply of water when the levels in the tank exceeded a certain fill level.

13. Prior to September 25, 2023, Defendant Energy Control, by its employees, agents, servants, contractors, subcontractors and/or workmen, negligently performed the Subject Work.

14. On or about September 25, 2023, the sensors installed by Energy Control did not operate as intended and the building management system failed and the pump that supplied water to the water tank on the 23rd floor failed to shut off and overfilled the water tank, causing large amounts of water to over flow into and throughout the Premises, including into and throughout the Plaintiff's insured's commercial space.

15. As a result of the foregoing water damage, Plaintiff's insured sustained substantial damages to its real and commercial property.

16. Following the foregoing water damage, Plaintiff's insured submitted a claim to Plaintiff Great Northern for *inter alia*, loss and damage to its real and commercial property.

17. As a result of the foregoing water damage, and pursuant to its obligations under its policy of insurance, Plaintiff Great Northern paid its insured Norton Rose, and others on its behalf, an amount in excess of FOUR MILLION, NINETY THOUSAND, SIX HUNDRED FORTY FOUR DOLLARS AND 40/100 ($4,090,644.40), for the damages and

losses sustained and is therefore, entitled to recover the same amount in this action pursuant to its legal and equitable rights of subrogation.

## CAUSE OF ACTION - NEGLIGENCE

18.     Plaintiff fully incorporates by reference all of the allegations contained in paragraphs One through Seventeen above, as though more fully set forth at length herein.

19.     Upon information and belief, the subject water leak and resulting severe and substantial property damage sustained by the insured was directly and proximately caused by the negligence *per se*, carelessness, recklessness, and/or negligent acts and/or omissions of Defendant, by and through its, employees, agents, servants, contractors, subcontractors and/or workmen, in negligently performing the Subject Work at the at the Subject Building.

20.     As a direct and proximate result of the aforesaid gross negligence, negligence per se, carelessness, recklessness and/or negligent acts and/or omissions of Defendant, its employees, servants, agents, workmen, representatives, contractors and/or subcontractors, the subject water leak occurred at the Subject Premises and directly and proximately caused the aforementioned severe and extensive damages.

21.     As a direct and proximate result of the above-mentioned negligence, gross negligence, carelessness, and/or negligent acts and/or omissions of the Defendant, Plaintiff Great Northern paid its insured Norton Rose, and others on its behalf, an amount in excess of FOUR MILLION, NINETY THOUSAND, SIX HUNDRED FORTY FOUR DOLLARS AND 40/100 ($4,090,644.40), for the damages and losses sustained and is therefore, entitled to recover the same amount in this action pursuant to its legal and equitable rights of subrogation.

**WHEREFORE,** Plaintiff Great Northern Insurance Company as subrogee of Norton Rose Fulbright US LLP demands judgment against the Defendant, Energy Control Service Inc., in an amount in excess of FOUR MILLION, NINETY THOUSAND, SIX HUNDRED FORTY FOUR DOLLARS AND 40/100 ($4,090,644.40), together with pre-judgment and post-judgment interest, attorney's fees, the cost of this litigation, expenses and such other and further relief as this Court may deem just and proper.

Dated: New York, New York
September 10, 2025

By: _____

Respectfully submitted,
COZEN O'CONNOR
*Attorneys for Plaintiff*

Robert Phelan, Esq.
3 WTC, 175 Greenwich Street, 55th Floor
New York, New York 10007
(212) 908-1274
rphelan@cozen.com

LEGAL\75284661\1 0001203/00609203